IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VICTORIA EALOM ) | |
| ) | |
| v. ) | NO. 3:12-0281 |
| ) | |
| GENERAL COUNCIL ON FINANCE AND ) | |
| ADMINISTRATION OF THE UNITED ) | |
| METHODIST CHURCH ) | |

**O R D E R**

This civil action was filed by the pro se plaintiff on March 19, 2012, and assigned to Judge Trauger.

On June 22, 2012, Docket Entry No. 6, attorney Obayomi Awoyinfa filed a motion to appear pro hac vice on behalf of the plaintiff.[1]  The motion for pro hac vice admission is GRANTED. Obayomi Awoyinfa is hereby admitted to practice in this case on behalf of the plaintiff.

On June 27, 2012, Docket Entry No. 9, Judge Trauger recused herself and the case was reassigned to Judge Nixon.

Inasmuch as the plaintiff is now represented by counsel, this case is no longer exempt from Local Rule 16.01.  Therefore, this case is now subject to the case management provisions of Local Rule 16.01, and an initial case management conference is scheduled for **11:00 a.m., Tuesday, July 24, 2012**.

The stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is hereby LIFTED.

---

[1] On June 26, 2012, counsel was notified by the Clerk of Court that he must associate local counsel in accord with Local Rule 83.01(h)(1), on or before July 6, 2012.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

Counsel for the plaintiff shall serve a copy of this order on the defendant and/or its counsel.[2]

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] No return of service on the defendant has been filed, and defendant has not made an appearance to date.